UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **RICHARD HARRIS, JR.,** individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>**BRONCS, INC.,**<br><br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§   NO. MO:16-CV-302-RAJ-DC<br>§<br>§<br>§<br>§ |

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff Richard Harris, Jr., individually and on behalf of all opt-in plaintiffs[1] (collectively, "Plaintiffs"), and Defendant Broncs, Inc. ("Defendant" or "Broncs") (Plaintiffs and Defendant are collectively referred to as the "Parties"), file this Joint Motion for Confidential Approval ("Motion") of Settlement Agreement ("Agreement") (attached as Exhibit A), asking that the Court: (1) approve the Parties' Settlement Agreement, and (2) dismiss this Lawsuit with Prejudice. The Parties respectfully state as follows in support of this Motion:

### I.   FACTUAL BACKGROUND

1. On June 2, 2016, Plaintiff Richard Harris, Jr., Individually and on behalf of all others similarly situated, brought suit against Defendant for alleged failure to pay overtime compensation for hours worked over forty (40) in a workweek in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*, and related state law claims [**Dkt. 1**].

2. Defendant Broncs answered this suit on September 6, 2016 [**Dkt. 30**], denying all allegations and liability, denying that the matter should proceed as a collective action, and asserting

---

[1] Derek Domorad, Randall Gibson, Kevin Serna, Jeremy Eynetich, Alvin Russell, Eric Gaona Fernando, Esteban Juarez, Jaime E. Garza, Robert Walton, Robert Walton, II and Christopher Wiens Kelly.

1

that Plaintiffs were accurately paid for all hours worked, including overtime, if applicable.

3. On November 10, 2016, Derek Domorad joined the case as an Opt-In Plaintiff [**Dkt. 34**] and Randall Gibson joined as an Opt-In Plaintiff on November 28, 2016 [**Dkt. 35**].

4. On January 20, 2017, Plaintiffs filed their Motion for Conditional Certification and Notice to the Putative Class Members [**Dkt. 36**] and the Court granted the Motion on February 7, 2017 [**Dkt. 40**]. Pursuant to the Court's order granting the Motion, the stipulated and agreed upon revised Notice was distributed by third party administrator, The Angeion Group, via U.S. First Class Mail and electronic mail on February 22, 2017 [**Dkt. 42**].

5. On February 28, 2017, Kevin Serna joined as an Opt-In Plaintiff [**Dkt. 43**], Jeremy Eynetich and Alvin Russell joined as Opt-In Plaintiffson March 10, 2017 [**Dkt. 45**], Eric Gaona Fernando joined as an Opt-In Plaintiff on March 17, 2017 [**Dkt. 47**], Esteban Juarez joined as an Opt-In Plaintiff on April 7, 2017 [**Dkt. 48**], Jaime E. Garza joined as an Opt-In Plaintiff on April 21, 2017 [**Dkt. 49**], and Robert Walton, Robert Walton, II and Christopher Wiens Kelly joined as Opt-In Plaintiffs on May 1, 2017 [**Dkt. 50**].

6. The deadline to join this case has now passed and no other Opt-In Plaintiffs, other than those specifically named herein, have filed a consent to join this case.

7. Despite the Parties' ongoing dispute regarding the validity of Plaintiffs' claims and Defendant's defenses, the Parties have entered into the Agreement to bring the Lawsuit to an expeditious conclusion.

## II.   ARGUMENTS AND AUTHORITIES

8. Because Plaintiffs' claims arise under the FLSA, the Court must scrutinize the settlement for fairness before approving it. *Schulte v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008). This is because "[t]he provisions of the [FLSA] are mandatory, and not subject to negotiation and bargaining between employers and

employees." *Collins*, 568 F. Supp. 2d at 718. "When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provision." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. CIV.A. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010).

10.     In this case, the Parties mutually agree that there exists a bona fide dispute as to Defendant's liability, if any, the amount of hours worked by Plaintiffs during their employment with Defendant, and the compensation due, if any.  As a result of the litigation efforts expended in this case by the Parties, and in order to avoid a potentially costly and lengthy trial setting, the Plaintiffs and Defendant have reached a settlement of all claims, defenses and disputes between them in this cause. During negotiation, and at the time of execution, Plaintiffs had the benefit of the undersigned legal counsel, and were aware of their rights under the Fair Labor Standards Act, 29 U.S.C. §206, *et seq.*  By entering into this settlement, Defendant is not admitting any liability or violation of the FLSA, which are specifically denied.

11.     Through negotiation, the Parties reached a settlement of their dispute.  The terms of the settlement have been approved by Plaintiffs, Plaintiffs' counsel, Defendant, and Defendant's counsel.  In arriving at the proposed settlement, the Parties considered (i) liability disputes; (ii) whether Plaintiffs are entitled to liquidated damages; (iii) whether Defendant acted willfully and the appropriate statute of limitations; (iv) the correct method for calculating damages, if any, (v) the disputed amount of overtime hours allegedly worked, (vi) the disputed amount of overtime wages allegedly owed, (vii) the likelihood of Plaintiffs' success on their claims, and (viii) other factual and legal issues.  The settlement was negotiated at arms' length.  The settlement amount includes both estimated unpaid overtime wages for Plaintiffs, an equal amount for liquidated damages, and Plaintiffs' attorneys' fees. The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages and attorneys' fees, are fair, reasonable, and in the best interest of the Parties.  *Cotton v. Hinton*, 559 F.2d


1326, 1331 (5th Cir. 1977) (strong presumption in favor of finding a settlement fair).

12. The Settlement Agreement, including the terms of the settlement, are attached hereto as Exhibit A.

### III. PRAYER

WHEREFORE, the Parties respectfully request that the Court approve the Agreement as a fair and reasonable compromise, and dismiss the Lawsuit with Prejudice as to Plaintiffs and Defendant.

Dated: December 8, 2017                                             Respectfully submitted,

/s/ *Sarah R. Schalman-Bergen*                     By: /s/ *J. Michael Rose*
**Shanon J. Carson**                                            J. Michael Rose
scarson@bm.net                                                     Texas Bar No. 24041819
**Sarah R. Schalman-Bergen**                             Sean W. Kilian
sschalman-bergen@bm.net                                  Texas Bar No. 24094777
**Alexandra K. Piazza**                                       **LOCKE LORD LLP**
apiazza@bm.net                                                    600 Travis Street, Suite 2800
**Camille Fundora**                                              Houston, Texas 77002
cfundora@bm.net                                                  Telephone: (713) 226-1684
**BERGER & MONTAGUE, P.C.**                    Facsimile: (713) 229-2626
1622 Locust Street                                                 mrose@lockelord.com
Philadelphia, PA 19103                                         skilian@lockelord.com
Telephone: (215) 875-3000
Facsimile: (215) 875-4604                                    *Attorneys-in-Charge for Defendant*

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284


*Attorneys-in-Charge for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Sarah R. Schalman-Bergen*
Sarah R. Schalman-Bergen

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **RICHARD HARRIS, JR.**, individually and on behalf of all others similarly situated | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | NO. MO:16-CV-302-RAJ-DC |
| **BRONCS, INC.,** | § § § | |
| *Defendant* | § § | |

**ORDER APPROVING JOINT MOTION FOR CONFIDENTIAL APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Pending before this Court is the Parties' Joint Motion for Confidential Approval of Settlement Agreement and Dismissal with Prejudice. Having considered the Parties' Joint Motion, and having found that the Parties' settlement is fair and equitable, the Court determines that the Parties' Joint Motion should be GRANTED in all respects. Therefore, the Court ORDERS that the Parties' settlement is approved and that this action is dismissed in its entirety, with prejudice, the parties to bear their own costs, expenses and attorneys' fees.

Signed on this _____ day of _____, 2017.

_____
HONORABLE DAVID COUNTS
UNITED STATES MAGISTRATE JUDGE

6